UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. STANTON, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:07-CV-428 AS |
| DEL RAY TROTTER, | ) ) ) | |
| Defendant | ) | |

OPINION AND ORDER

Christopher Stanton, a prisoner confined at the Westville Correctional Facility ("WCF"), submitted a complaint under 42 U.S.C. § 1983 alleging that his federally protected rights because he has not been given a balanced and nutritious diet that comports with his religious beliefs. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy

>   RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

>   Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

>   While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing Papasan v. Allain, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Stanton brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under

§ 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Stanton states that he is a vegetarian Buddhist who asked for a vegetarian diet tray, but that it took a month and a half to get his diet tray. Prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." Al-Alamin v. Gramley, 926 F.2d 680, 686 (7th Cir. 1991). If the defendant denied Mr. Stanton's request, the court would have to evaluate this claim to see if there were a legitimate penological basis for denying Mr. Stanton's request for a diet tray. Turner v. Safley, 482 U.S. 78, 89 (1987). But Mr. Stanton's only allegation is that his request for a diet tray wasn't implemented as quickly as he would have liked. A delay in dealing with a prisoner's diet request doesn't violate the First Amendment's free exercise clause.

Mr. Stanton also alleges that after he started receiving his diet tray, he has not been getting a balanced diet because he does not receive a protein substitute for meat. He also alleges that occasionally his tray contained spoiled food items. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

3

Deliberate indifference is comparable to criminal recklessness, Farmer v. Brennan, 511 U.S. at 837, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), citing McGill v. Duckworth, 944 F.2d at 347. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1986). Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1994). "To state a claim under the Eighth Amendment, (a plaintiff) must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for (his) welfare in the face of serious risks." McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1994) (citations omitted).

The Constitution requires that inmates receive adequate amounts of nutritious food, See Farmer v. Brennan, 511 U.S. at 832. "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. at 73. Giving Mr. Stanton the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no Eighth Amendment claim on his allegation that he has been denied a balanced and nutritious diet over a long period of time. But that he may have occasionally been served individual items of spoiled food states no claim upon which relief can be granted.

4

For the foregoing reasons, the court:

(1) GRANTS the plaintiff leave to proceed against the defendant in his personal capacity for damages and in his official capacity for injunctive relief on the plaintiff's Eighth Amendment claim that he has been denied a balance and nutritious diet;

(2) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), all other claims;

(3) pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the defendant is to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the marshals service to effect service of process on defendant Del Ray Trotter, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint

SO ORDERED.

ENTERED: November  14 , 2007

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court